UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES AND PAMELA WORNER                                                        PLAINTIFFS

V.                                                                                              NO. 3:07CV-488-JDM

DAVID T. MICHEL                                                                        DEFENDANTS

## MEMORANDUM OPINION

The defendant has filed a motion to dismiss Pamela Worner's claims in this action because she has failed to appear five times for her noticed depositions. The court has reviewed the motion and Ms. Worner's response thereto and, for the reasons stated herein, finds that dismissal of her claims is appropriate.

**I.**

This case was removed to federal court on September 14, 2007. Since then Mrs. Worner's deposition has been noticed five times and she has failed to appear each time. Understandably frustrated by Ms. Worner's failure to participate meaningfully in the prosecution of her claims, defense counsel has asked the court to dismiss her claims and to enter a sanctions award sufficient to reimburse his client for the costs expended in attempting to obtain Mrs. Worner's deposition. In response, Mrs. Worner stated that she was unable to attend due to a family emergency, but that proffered explanation pertains to only one the instances on which she failed to appear.[1] She has made no attempt to explain her failure to appear the other four times,

---

[1] Mrs. Worner's most recent deposition was scheduled for July 11th, and she has attached to her response documentation establishing that her husband underwent oral surgery on July 7th, 11th and 24th of this year. The court would not necessarily characterize oral surgery as a family emergency, as Mrs. Worner has, but cannot and will not take issue with a wife's desire to be present with her husband during a surgical procedure, regardless of whether it was an emergency. That being said, the surgery that took place on her deposition date appears to be the middle of a series of three and the court finds it difficult to understand why Mrs. Worner could not have requested that her deposition be rescheduled after the first surgery or, at the very least, called on July 11 to inform defendant's counsel she would not be present so that the minimum amount of his time and a court reporter's would have been wasted.

much less provide documentary support for any such explanation.

On February 14, 2008, after Mrs. Worner's third failure to appear for her scheduled deposition, the court entered an order that (among other things) directed her and her counsel to work cooperatively with defendant's counsel to reschedule the deposition. The court also specifically warned the Worners that failure to comply with the court's order could result in an order of dismissal. Shortly thereafter, Mrs. Worner's deposition was, once again, rescheduled and she, once again, failed to appear. Defendant's counsel tried one more time to take her deposition and, when she failed to appear for that, filed the motion to dismiss her claims and requested an award of monetary sanctions.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action when a plaintiff fails to prosecute her claims or to comply with the Rules or any order of the court. *See Schaefer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (citing *Knoll v. AT & T,* 176 F.3d 359, 363 (6th Cir.1999) (brackets and internal quotation marks omitted)).

Nevertheless, the Sixth Circuit has noted that the dismissal of a claim for failure to prosecute is a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643(6th Cir. 2005) (internal quotation marks omitted) and *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993)). Accordingly, the following four factors should guide a trial court's consideration of whether it should enter an order of dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether

> the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737 (citing *Knoll,* 176 F.3d at 363). No one of these factors is outcome dispositive, however. *Id.*

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Id.* (internal citations omitted). The second factor, prejudice to one's adversary, is supported where the record indicates that the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* (citations omitted). With respect to the third factor, the Sixth Circuit strongly encourages courts not to summarily dismiss actions without first issuing a warning and a statement of expected consequences. Lastly, the Sixth Circuit has repeatedly advised lower courts that "the sanction of dismissal is appropriate only if the party's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *See, e.g., Wu*, 420 F.3d at 644.

This court does not dismiss claims for failure to prosecute frequently, or without careful consideration of the significance of its decision. In this matter, however, Mrs. Worner's actions have repeatedly displayed not only a lack of genuine interest in prosecuting her claims, but a disrespect for the resources and time of her opposing counsel, the court reporters repeatedly employed, and the federal government's strained judicial resources. Failure to appear once for a scheduled deposition is usually a discourtesy that the court and opposing counsel can tolerate, failure to appear twice is less so, but not usually so intolerable as to warrant dismissal. The court cannot say for certain where the line is between "usually excusable" and "an unacceptable drain

on the court's and the litigants' resources" is, but by the fifth failure to appear for one's own deposition, and the second failure to do so after being specifically warned by the court, it is safe to say that the line has been crossed.

Defendant's counsel has also requested monetary sanctions. The court has considered imposing them and will reject the idea now, for the same reasons it has declined to impose monetary sanctions as an intermediate step. Frankly, the court doubts that Mrs. Worner has the ability to pay any amount awarded defendant or, if even she did, that an award of monetary sanctions would be sufficient to ensure her attendance at another scheduled deposition. It has been this court's experience that the type of litigant who disregards five noticed depositions and a court order is not the type of litigant likely to be spurred into compliance with, or respect for, this court's processes by the imposition of a monetary sanction.

### III.

With full recognition of the severity of its decision, the court finds that Mrs. Worner's failure to appear five times for her scheduled deposition constitutes a failure to comply with the Federal Rules of Civil Procedure and this court's orders, and a failure to prosecute her claims. Accordingly, dismissal is warranted pursuant to Fed. R. Civ. P. 41(b). *See generally Schaefer*, 529 F.3d 731.

The court will enter an order consistent with this memorandum opinion.

DATE:


cc:     counsel of record